UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 00-102-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TODD E. ALLARD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Todd Allard has filed a motion for compassionate release under 18 U.S.C. § 3582(c).  [Record No. 18]  In support, Allard cites his "overall health," the lack of medical treatment he has received, and the contention that he has "better[ed] himself" during incarceration.  [*Id.*, p. 1]  However, the motion will be denied because Allard has failed to identify extraordinary and compelling reasons justifying release, and because the factors under 18 U.S.C. § 3553(a) do not support a sentence reduction.

# I.

Allard pleaded guilty on August 4, 2000, to a total of seven different counts, stemming from four criminal cases.  [Record No. 7]  The counts of conviction include: five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of use, possession, or brandishing of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Record No. 14, p. 1–2]  One of the firearms charges was designated as a second offense carrying greater penalties under 18 U.S.C. § 924(c)(1)(C)(i).  [*Id.*, p. 2] Allard was sentenced on December 1, 2000, to 572 months imprisonment, to be followed by a

five-year term of supervised release.  [Record No. 12]  He is currently incarcerated at FCI Yazoo City Medium.  The Bureau of Prisons ("BOP") projects that he will be released on December 20, 2040.  *See* Find an Inmate, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited March 23, 2022).

## II.

A court may grant a compassionate release motion under § 3582(c)(1)(A)(i) after engaging in a three-step inquiry: (1) "the court must find that extraordinary and compelling reasons warrant [a sentence] reduction"; (2) the court must "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."  *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotation marks omitted) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)).  "Congress provided no statutory definition of 'extraordinary and compelling reasons,' instead delegating that task to the [United States] Sentencing Commission."  *Id.* (citing 28 U.S.C. § 994(t)).

The Sentencing Commission subsequently issued U.S.S.G. § 1B1.13, a policy statement with Application Notes that prescribe categories of "extraordinary and compelling reasons" for a sentence reduction.  *See id.*; U.S.S.G. § 1B1.13 n.1.  But this is "not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."[1]  *Elias*, 984 F.3d at 519.

---

[1]      However, a court *may* consider the policy statement as part of its discretionary inquiry into whether extraordinary and compelling reasons exist.  *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021).  The policy statement may be instructive when a defendant alleges extraordinary and compelling reasons that relate to its provisions.  *See, e.g.*, *United States v. Gibson*, No. 5: 14-074-DCR, 2021 WL 4768244, at *2 (E.D. Ky. Oct. 12, 2021).

Accordingly, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* at 519-20 (citations omitted).

But there are legal standards that govern that discretion. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Courts look to the ordinary meaning of the terms at the time Congress enacted the statute. *Id.* Thus, "extraordinary" means "most unusual," "far from common," and "having little or no precedent." *Id.* (quoting Webster's Third New International Dictionary: Unabridged 807 (1971)). And "compelling" means "forcing, impelling, driving." *Id.* (Webster's Third New International Dictionary: Unabridged at 463).

### III.

Allard argues that his overall health—including an enlarged prostate and an unspecified thyroid condition—and the lack of medical care he has received at FCI Yazoo City Medium justify release. [Record No. 18, p. 1] He also asserts that he has "better[ed] himself" during his incarceration and is not a violent person. [*Id.*, p. 1–2] However, neither of these arguments constitute an extraordinary and compelling reason under the statute. *See Hunter*, 12 F.4th at 562 (discussing the definition of extraordinary and compelling reasons).

Regarding Allard's health, he admits that his condition "isn't as bad as some." [Record No. 18, p. 1] Further, "[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 U.S. Dist. LEXIS 195620, at *13 (D. Ariz. Nov. 8, 2019). And although Allard complains at the lack of medical care he has received, he has not shown that BOP medical staff is incapable of managing his conditions. Indeed, he currently receives two medications targeting the conditions of which he complains. [Record No. 18, p. 1] The contention that these medications are not effective as he would like is not a reason for release.

*Weidenhamer*, 2019 U.S. Dist. LEXIS 195620, at n.3 ("Defendant's disagreement with the type and amount of medical treatment provided by the [BOP] is not enough to establish [his] conditions cannot be accommodated while [he] is incarcerated."). In short, Allard's health and medical care arguments do not present extraordinary and compelling reasons justifying a reduced sentence.[2]

Allard's various rehabilitation arguments fare no better. While it is commendable that he has used his time in incarceration productively, "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Hunter*, 12 F.4th at 572 (quoting 28 U.S.C. § 994(t)). Allard has not offered any other valid reason to consider his circumstances extraordinary and compelling, and his rehabilitative progress cannot serve as the sole reason. Because the defendant has failed to offer any extraordinary and compelling reason for compassionate release, his motion does not present a basis for relief under § 3582(c)(1)(A)(i).

## IV.

The factors under 18 U.S.C. § 3553(a) also counsel against Allard's request. To begin, the nature and circumstances of the defendant's offenses do not support relief. *See* 18 U.S.C. § 3553(a)(1). Allard was convicted after engaging in a spree of armed bank robberies, hitting five different banks across three states in a five-month span. [Record No. 14, p. 7–8] The first

---

[2]     The Sentencing Commission's policy statement supports this conclusion as well. *See* U.S.S.G. § 1B1.13 n.1. Regarding medical conditions that present extraordinary and compelling reasons, the statement discusses terminal illnesses such as end-stage organ disease or ALS, as well as conditions that "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." *Id.* The conditions of which Allard complains are far less serious than those discussed by the policy statement, and there is no evidence that they substantially diminish his ability to provide self-care. [*See* Record No. 18.]

of these robberies came only one week after he was released from a ten-year term of imprisonment in Pennsylvania. [*Id.*, p. 8, 17] And while Allard claims that he is not a violent person and would "<u>never</u> hurt anyone," the fact that he accomplished these robberies by threatening tellers with a handgun illustrates the potential for violence inherent in his offenses. [Record No. 18, p. 2 (emphasis in original).] Accordingly, a substantial sentence is needed to reflect the seriousness of the offenses and provide a just punishment. *See* § 3553(a)(2)(A).

Next, the undersigned notes that Allard has a significant criminal history. *See* § 3553(a)(1) (calling for consideration of the history and characteristics of the defendant). He is a career offender and has spent the majority of his adult life incarcerated. *See* U.S.S.G. § 4B1.1; [Record No. 14, p. 13–18.] He has been convicted of receiving stolen property (multiple counts), theft (multiple counts), grand theft of a motor vehicle, robbery, and conspiracy to commit an escape from jail. [Record No. 14, p. 13–17] Allard was raised in a foster home, maintains no significant personal relationships, and has a limited work history. [*Id.*, p. 19–22] In summary, there is no indication that he will discontinue his life of crime upon release. The original sentence imposed is necessary to protect the public from further crimes he may commit. *See* 18 U.S.C. § 3553(a)(2)(C).

Finally, while the defendant's rehabilitative efforts are to his benefit, they do not change the overall calculus. The § 3553(a) factors weigh against Allard's requested relief and provide an independent reason to deny his motion.

**V.**

Accordingly, it is hereby

**ORDERED** that the defendant's motion [Record No. 18] is **DENIED**.

Dated: March 24, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky