UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 00-102-DCR |
| V. | ) ) | |
| TODD E. ALLARD, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Todd Allard pleaded guilty on August 4, 2000, to seven counts stemming from four criminal cases. [Record No. 7] The counts of conviction included five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of use, possession, or brandishing of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Record No. 14, p. 1–2] One of the firearms charges was designated as a second offense carrying enhanced penalties under 18 U.S.C. § 924(c)(1)(C)(i). *Id*. Allard was sentenced to 572 months imprisonment, to be followed by a five-year term of supervised release.

On June 6, 2024, Allard filed a motion for compassionate release pursuant to 18 U.S.C. § 3582 2(c)(1)(A). [Record No. 23] However, the motion will be denied for the reasons set forth below.

**I.**

Allard previously filed an unsuccessful motion for compassionate release on March 22, 2022, citing his poor health and rehabilitation efforts. [Record No. 21] He is currently a 67-

year-old inmate, incarcerated at FCI McDowell in Welch, West Virginia.[1] The Bureau of Prisons ("BOP") projects that he will be released in December 2040.

## II.

This Court follows a three-step analysis when considering § 3582(c)(1)(A) motions. *See United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). After fully exhausting all administrative remedies, a prisoner seeking compassionate release must show an "extraordinary and compelling reason" to warrant a sentence reduction.[2] *Id*. Second, the Court determines whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. at 1108. Third, the Court analyzes the factors set forth in 18 U.S.C. § 3553(a) to determine whether, in the Court's discretion, the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id*. at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Generally, courts cannot "modify a term of imprisonment once it has been imposed," but there has long been an exception for cases where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(2)(A)(i). Prior to the enactment of the First

---

[1] *See* Find an Inmate, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 12, 2024).

[2] Congress originally tasked the Sentencing Commission with determining "what should be considered extraordinary and compelling reasons for sentence reduction," limiting its discretion only with the qualification that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *See* 28 U.S.C. § 994(t). Consistent with this directive, the Commission previously identified four circumstances it viewed as extraordinary and compelling reasons for a sentence modification: (1) the medical condition of the defendant; (2) the age of the defendant; (3) "family circumstances," such as when a defendant is the sole caregiver to a spouse or minor child; and (4) "other reasons," as determined by the BOP. *See* U.S.S.G. § 1B1.13. The Commission recently provided additional guidance regarding which circumstances can constitute an extraordinary and compelling reason to warrant relief.

Step Act of 2018, only the BOP could request compassionate release on a defendant's behalf. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (citing § 3582(c)(1)(A) (2002)). However, the First Step Act eliminated this gatekeeping role and allowed prisoners to move for relief when the BOP declined to act. *Id*.

### III.

Allard has exhausted his administrative remedies and his motion for compassionate release is ripe for consideration. He argues that he is entitled to compassionate release because his age, the stacked sentence he received for violations of 18 U.S.C. § 924(c), and that his rehabilitation efforts present extraordinary and compelling circumstances warranting relief.

**Age**

Allard contends that his advanced age renders him eligible for compassionate release. Under 18 U.S.C. § 3582(c)(1)(A)(ii), the court may grant compassionate release for a defendant who is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). However, Allard does not meet the age requirement and has only served 24 years. Therefore, he is ineligible for sentencing relief pursuant to this provision.

Under U.S.S.G. § 1B1.13(b)(2), however, an extraordinary and compelling reason justifying compassionate release may exist when "the defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Although Allard satisfies the age requirement and has served more than ten years of his sentence, he is not experiencing any serious deterioration in physical or mental health because of his age.

- 3 -

Within the Sixth Circuit, compassionate release has been justified historically by an inmate's poor physical health if he or she suffers from "unusual circumstances which could not have been reasonably foreseen by the court at the time of sentencing" or "if an inmate becomes severely ill" from a terminal condition. *See McCall*, 56 F.4th at 1059. However, the Sentencing Commission recently adopted a policy statement that expands the medical circumstances that may warrant compassionate release. Specifically, the new subcategory applies when an inmate is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided" and when the inmate "is at risk of serious deterioration in health or death" without that care. *See* U.S.S.G. 1B1.13(b)(1)(C). Similarly, compassionate release may be warranted if an inmate's ability to provide self-care within the correctional environment is severely diminished because of a medical condition. *See* U.S.S.G. 1B1.13(b)(1)(B).

Allard's medical records indicate that he suffers from hypothyroidism, a cataract, and an enlarged prostate. [Record No. 25] As the United States notes, "[t]hese conditions are normal parts of the aging process and are not serious deterioration in his health." *Id*. The undersigned agrees. Further, none of the expanded circumstances outlined in the policy statement applies to Allard. Therefore, his age combined with these medical conditions do not present an extraordinary and compelling reason to warrant compassionate release.

**Unusually Long Sentence**

Allard also argues that he is serving an "unusually long sentence" because the sentences for his offenses under 18 U.S.C. § 924(c) were stacked. The First Step Act of 2018 amended 18 U.S.C. § 924(c) to reduce the severity of "stacking" multiple firearms convictions. Specifically, the Act modified the trigger of a 25-year mandatory minimum for an individual

- 4 -

conviction under § 924(c). Any successive 25-year sentence is triggered only when the defendant has been convicted of violating the provision at a prior point in time as a result. But Congress chose not to apply this provision retroactively.

In *United States v. McCall*, the Sixth Circuit considered whether nonretroactive changes might be considered "extraordinary and compelling circumstances." 56 F.4th 1048, 1048-1055 (6th Cir. 2022). Sitting *en banc*, the court concluded simply that "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis." *McCall*, 56 F.4th at 1065; *see generally United States v. Ruvalcaba*, 26 F. 4th 14, 27 (1st Cir. 2022) ("[I]f a district court were to reduce a sentence solely because . . . [a statute's] non-retroactive amendments would have lowered a defendant's sentence, it might be seen as substituting its own judgment on retroactivity for Congress's judgment."). In other words, this Court could reasonably conclude that Congress did not intend for those who had already been convicted of multiple offenses pursuant to § 924(c) to be resentenced under this change in law.

Nonetheless, under U.S.S.G. § 1B1.13(b)(6), the United States Sentencing Commission has indicated that unusually long sentences can be considered under the following conditions:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The Court again emphasizes that Allard received a lengthy sentence after pleading guilty to *seven* different counts stemming from *four* criminal cases. Although Allard theoretically could receive a less severe punishment for his multiple violations of 18 U.S.C. §

924(c) if he were sentenced today, the disparity would not rise to the level of "gross" as contemplated by U.S.S.G. § 1B1.13(b)(6). Put simply, construing the difference between his sentence and the penalty he would receive if he were sentenced today as a "gross disparity" would disregard the totality of the serious conduct for which he was sentenced.

Further, as the Sentencing Commission acknowledges, courts must still consider whether "the defendant's individualized circumstances" support any possible punishment reduction. Allard was convicted as a violent career criminal after he committed a robbing spree spanning multiple states. As detailed more fully below, the nature and circumstances of his offenses simply do not weigh in favor of a sentence reduction.

### Rehabilitation

Allard's rehabilitation argument also fails. While it is commendable that he has used his time in incarceration productively, "[r]ehabilitation of the defendant alone [is] not . . . an extraordinary and compelling reason." *United States v. Ruffin*, 978, F. 3d 1000, 1004 (6th Cir. 2020). Allard has not offered any other valid reason to merit compassionate release, and his rehabilitative progress cannot serve as the sole justification. Because Allard has failed to offer any extraordinary and compelling reason for compassionate release, his motion does not present a basis for relief under § 3582(c)(1)(A)(i).

### 18 U.S.C. § 3553(a)

Even if Allard had presented an extraordinary and compelling reason justifying a sentence reduction, granting his motion would be inconsistent with statutory sentencing factors. Under 18 U.S.C. § 3553(a)(1)-(2), courts consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)  the need for the sentence imposed—

        (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)  to afford adequate deterrence to criminal conduct;

        (C)  to protect the public from further crimes of the defendant; and

        (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

These factors strongly weigh against granting Allard's request. To begin, the nature and circumstances of his offenses do not support relief. Allard was convicted after engaging in a spree of armed bank robberies against five different banks across three states during a five-month span. [Record No. 14] In fact, he committed five robberies in Indiana, Ohio, and Kentucky within four months of being released from a separate term of imprisonment. *Id*. And the fact that he accomplished these robberies by threatening bank tellers with a handgun illustrates his capacity for violence. *Id*. As a result, a substantial sentence is needed to reflect the seriousness of his offenses and provide a just punishment.

The undersigned also emphasizes that Allard has a significant criminal history as a career offender who has spent most of his adult life incarcerated. *Id*. Allard has been convicted multiple times of receiving stolen property and theft. *Id*. He has also been convicted for grand theft of a motor vehicle, robbery, and conspiracy to commit an escape from jail. *Id*. Even though Allard claims older offenders are less likely to reoffend upon release, there is simply no indication that *he* would discontinue his life of crime. In short, the original sentence imposed is sufficient but not greater than necessary to fulfill the goals of section 3553(a).

## IV.

Allard has failed to demonstrate an extraordinary and compelling circumstance that warrants granting his request for compassionate release. But even if he had demonstrated such a circumstance, the factors in section 3553(a) counsel against providing Allard with a sentence reduction. Therefore, being sufficiently advised, it is hereby

**ORDERED** that Defendant Allard's motion for compassionate release [Record No. 23] is **DENIED**.

Dated: July 15, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky