UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 00-102-DCR |
| ) | |
| V. ) | |
| ) | |
| TODD E. ALLARD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Todd Allard has filed a motion for reconsideration regarding the recent denial of his motion for compassionate release. [*See* Record No. 32; *see also* Record No. 29.] The motion for reconsideration will be denied because Allard's motion fails to provide any justification for disturbing the Court's prior ruling.

**I.**

Allard filed a motion for compassionate release on June 6, 2024. [Record No. 23] The undersigned denied Allard's motion on July 15, 2024, after reviewing the relevant pleadings. [Record No. 29] As outlined in the Court's Memorandum Opinion and Order, a district court reviewing a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) conducts a "three-step inquiry." [*Id.*]; *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). First, the movant must show that extraordinary and compelling reasons warrant the requested reduction. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022). Second, the court must confirm that any sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Lastly, the movant must demonstrate that the

reduction is warranted considering the relevant factors of 18 U.S.C. § 3553(a). *Id.* Courts will deny a motion for a sentence reduction "if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

Allard's motion for compassionate release sought relief due to the length of his sentence, his age, and an alleged sentencing disparity due to the § 924(c) enhancements applied at the time the sentence was imposed. [Record No. 23] After reviewing the arguments raised in Allard's motion, the Court concluded that he "failed to demonstrate an extraordinary and compelling circumstance that warrants granting his request for compassionate release." [Record No. 29, p. 8] And this alone provided a sufficient basis for denying Allard's motion. Although not required, the Court also concluded that *even if* Allard had identified an extraordinary and compelling justification, the relevant § 3553(a) factors would still counsel against providing him with a sentence reduction. [*Id.*]

Allard filed the instant motion for reconsideration on July 26, 2024. [Record No. 32] Shortly thereafter, he appealed the Court's decision denying his motion for compassionate release to the United States Court of Appeals for the Sixth Circuit. [*See* Record No. 33.]

## II.

Motions to reconsider § 3582(c) rulings are reviewed under the standards set out in Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. "Under Rule 59, a court may alter an earlier determination based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Knopp v. Nat'l Ry. Adjustment Bd.*, No. 23-3865, 2024 WL 3458747, at *2 (6th Cir. 2024) (quoting *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022). Rule 59(e)

provides an opportunity "'to rectify [the court's] own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

Reconsideration under Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding under a limited set of circumstances. *See Kemp v. United States*, 596 U.S. 528, 533 (2022). Relief under this rule can be granted based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). However, the rule "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Allard's motion for reconsideration attempts to rebut arguments contained in the United States' response in opposition, reargues the issues raised in the underlying motion, and introduces new arguments. Construing his *pro se* filing liberally, the Court will briefly address the items that plausibly could be construed sufficient to warrant relief under Rule 59(e) or 60(b). Stated another way, the Court will review Allard's arguments challenging the conclusion that he failed to demonstrate an extraordinary and compelling justification for granting compassionate release.

### A. Age and Health

Previously, the Court determined that Allard's age and health do not constitute an extraordinary and compelling justification for a sentence reduction. [*See* Record No. 29, pp. 3–4.] More specifically, while the Court noted that Allard meets the age and duration of incarceration requirements of U.S.S.G. § 1B1.13(b)(2)(A) and (C), he failed to demonstrate that he is experiencing "a serious deterioration in physical or mental health because of the

aging process." U.S.S.G. § 1B1.13(b)(2)(B). As the Court explained, the Sentencing Commission recently adopted a policy statement that expands the medical circumstances that may constitute an extraordinary and compelling justification for granting relief. [Record No. 29, p. 4] These additional considerations impact defendants with a terminal illness, limited ability to provide self-care, or need long-term or specialized medical care which is not being provided. *See* U.S.S.G. § 1B1.13(b)(1)(A)–(C). However, conditions that are inherent in the normal aging process do not, by their very nature, constitute an *extraordinary* and compelling justification for reducing a sentence. After reviewing Allard's medical records, the undersigned agreed with the United States that the defendant's age combined with his medical conditions do not present an extraordinary and compelling reason to warrant compassionate release. [Record No. 29, p. 4]

It is also noteworthy that Allard did not cite *any* medical conditions in his motion for compassionate release. His health was first introduced by the United States in its response to Allard's motion. [*See* Record Nos. 23, 25.] In the motion for reconsideration, Allard challenges the Court's findings as to his health. He notes that his "eyesight gradually becomes worse," that his "meds have been upped," that his "enlarged prostate is not shrinking," and that he can "provide no self care." [Record No. 32]

First, Allard's claim that he is incapable of self-care is unsupported. Second, worsening eyesight and a need to increase medication is consistent with aging.[1] And third, Allard does

---

[1] Prison medical records indicate Allard has been diagnosed with presbyopia—the gradual loss of one's ability to focus on objects up close. [Record No. 27-5, p. 11] "There is no way to stop or reverse the normal aging process that causes presbyopia." Kierstan Boyd, American Academy of Ophthalmology, *What is Presbyopia?* (May 21, 2024). In fact, "the term 'presbyopia' comes from a Greek word which means 'old eye.'" *Id.*

not demonstrate an extraordinary and compelling medical circumstance by noting "no improvement" in his hypothyroidism or stating that his benign enlarged prostate "is not shrinking." Allard's argument falls well short of that warranting relief under Rule 59(e) or 60(b). To the contrary, it reinforces the Court's previous conclusion.

### B. Double Jeopardy

Allard makes the following claim in his motion for reconsideration: "[t]he 5th Amend. to the U.S. Constitution deals w/ double jeopardy. The courts have determined that stacking of 924(c)s is double jeopardy." [Record No. 32, p. 2] This claim asserts what purports to be an error of law that could be remedied under Rule 59(e) or 60(b). But that said, Allard's claim is incorrect.

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Double Jeopardy Clause protects defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense, neither of which occurred in Allard's case. *See Brown v. Ohio*, 432 U.S. 161, 165 (1977). Allard was charged with five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of use, possession, or brandishing of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (C)(i). [Record No. 35, p. 1–2] These charges were brought through four separate cases in relation to five separate robberies.[2] Despite Allard's claim to the contrary, his sentence does not violate the Double Jeopardy Clause and there is no "clear error of law" or "mistake" which needs of correcting.

---

[2] Indictment, *United States v. Allard*, No. 00-CR-40 (E.D. Ky. filed Apr. 6, 2000) (charging Allard with robbing Bank One in Lexington, Kentucky on March 22, 2000, in violation of 18

## III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant Allard's motion for reconsideration [Record No. 32] is **DENIED**.

2. The Clerk of the Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Allard at his current place of incarceration and the Clerk of the Court for the United States Court of Appeals for Sixth Circuit.

Dated: August 12, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

U.S.C. § 2113 (a) and (d) (Count One), and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two)); Superseding Bill of Information, *United States v. Allard*, No. 00-CR-102 (E.D. Ky. filed August 4, 2000) (charging Allard with robbing National City Bank in Indianapolis, Indiana on December 9, 1999, in violation of 18 U.S.C. § 2113 (a) and (d) (Count One), and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C)(i) (Count Two)); Bill of Information, *United States v. Allard*, No. 00-CR-103 (E.D. Ky. filed July 19, 2000) (charging Allard with robbing Fifth Third Bank in Cincinnati, Ohio on December 20, 1999, in violation of 18 U.S.C. § 2113 (a) and (d) (Count One)); Bill of Information, *United States v. Allard*, No. 00-CR-110 (E.D. Ky. filed July 31, 2000) (charging Allard with robbing National City Bank in Sunbury, Ohio on November 23, 1999, and Firstar Bank in Columbus, Ohio on January 31, 2000, both in violation of 18 U.S.C. § 2113 (a) and (d) (Counts One and Two)).